IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPORTS ARENA MANAGEMENT, INC. d/b/a/ AMERICAN HEARTLAND ICE ARENA, and 7373 N. CICERO PROPERTY LIMITED PARTNERSHIP, an Illinois Limited Partnership, <br><br> Plaintiffs, <br><br> v. <br><br> K&K INSURANCE GROUP, INC., <br><br> Defendant. | No. 06 C 6290 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OF OPINION AND ORDER

Plaintiffs, Sports Arena Management Inc., d/b/a American Heartland Ice Arena ("American Heartland") and 7373 N. Cicero Property Limited Partnership ("Cicero") have sued defendant K&K Insurance Group, Inc. ("K&K") for negligence, breach of contract and breach of fiduciary duty. Defendant has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the breach of fiduciary duty claim. For the reasons set forth below, the Court grants the motion.

### Facts

American Heartland operated an ice arena that was owned by Cicero. (Compl. ¶¶ 1-2, 6.) American Heartland asked K&K to procure property damage, business interruption and third party liability insurance on its behalf for the arena and to name Cicero as an additional insured. (Id. ¶¶ 8-10.) K&K obtained insurance for plaintiffs from the Great American Assurance Company under which, it said, both American Heartland and Cicero were insured. (Id. ¶ 10.) Plaintiff relied on K&K's advice, council and guidance with respect to the type of insurance coverage, conditions and contractual language that were suitable for American Heartland's needs. (Id. ¶ 9.)

Sometime thereafter, "significant floor heaving occurred on . . . both of the [arena's] skating surfaces" and its concrete floor cracked. (*Id.* ¶ 12.) As a result, American Heartland was forced to close the arena and suffered significant business interruption losses. (*Id.* ¶ 13.) Moreover, Cicero, which was in the process of selling the arena when the damage occurred, was forced to give the purchaser a credit of more than $700,000.00 because of the arena's condition. (*Id.* ¶ 14.)

Plaintiffs submitted a claim to the Great American Assurance Company, but the insurer denied it because: (1) the policy excluded coverage for losses caused by earth shifting, settling, cracking and corrosion; and (2) Cicero was insured only under the liability, not the property damage, portion of the policy. (*Id.* ¶¶ 15-18.)

Plaintiffs allege that K&K acted as their fiduciary in securing insurance for them and breached its fiduciary duty by failing to obtain appropriate coverage. (*Id.* ¶¶ 28-30).

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## Discussion

Defendant contends that 735 Ill. Comp. Stat. 5/2-2201(b) bars plaintiff's breach of fiduciary duty claim. In relevant part, that statute provides:

> No cause of action brought by any person or entity against any insurance producer, registered firm, or limited insurance representative concerning the sale, placement,

2

procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer, registered firm, or limited insurance representative to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance producer, registered firm, or limited insurance representative of any money that was received as premiums, as a premium deposit, or as payment of a claim.

*Id.* Plaintiffs do not allege that defendant wrongfully retained or misappropriated premium or claim money. Thus, their breach of fiduciary duty claim is viable only if defendant is not "an insurance producer" within the meaning of this section.

Section 2-2201 does not define the term "insurance producer." But the Illinois Insurance Code states that an insurance producer is "a person required to be licensed under the laws of this State to . . . negotiate insurance," *i.e.*, "offering advice directly to a purchaser or prospective purchaser of a particular contract of insurance concerning any of the substantive benefits, terms, or conditions of the contract." 215 Ill. Comp. Stat. 5/500-10. Moreover, an Illinois Appellate Court recently held that the Insurance Code's definition of insurance producer applies to claims under section 2-2201. *See Country Mut. Ins. Co. v. Carr*, 852 N.E.2d 907, 912-14 (Ill. App. Ct. 2006), *appeal granted*, 861 N.E.2d 654 (Ill. Nov. 29, 2006) (No. 103463).

Plaintiffs urge the Court to disregard *Country Mutual* and follow the reasoning of *Harris v. Illinois Vehicle Premium Finance*, No. 99 C 5411, 2000 WL 1307513 (N.D. Ill. Sept. 12, 2000). The plaintiff in *Harris* purchased several types of auto insurance from defendant Illinois Vehicle Insurance Agency ("IVIA"), which also arranged for defendant to finance the premiums through Illinois Vehicle Premium Finance Co. ("IVPFC"). *Id.* at *1. Another defendant, Roger Wolf, was the president, sole director, and registered agent of both companies but did not reveal that fact to the plaintiff. *Id.* at *1, 4. The plaintiff sued IVIA and Wolf, alleging that they had breached their

3

fiduciary obligation to him by failing to disclose that Wolf owned and controlled both IVIA and IVPFC. *Id.* at *4.

Defendants moved to dismiss the claim as barred by section 2-2201. The *Harris* court denied the motion because: (1) "defendants [did] nothing to assist the Court in determining" whether defendants were insurance producers within the meaning of section 2-2201; (2) "the conduct alleged against IVPFC deals with the financing of insurance premiums," to which § 2-2201 does not apply; and (3) the "Illinois courts have consistently held, even after the enactment of § 2-2201 . . . that the broker may be liable for breach of the resulting fiduciary duty." *Id.* at *4. The first two of the *Harris* court's reasons do not apply to this case and the last is unpersuasive.

*Harris*, which was decided before *Country Mutual*, relies on *Conagra, Inc. v. Arkwright Mutual Insurance Co.*, 64 F. Supp. 2d 754 (N.D. Ill. 1999), and *Cincinnati Insurance Co. v. Guccione*, 719 N.E.2d 787 (Ill. App. Ct. 1999), for the notion that 2-2201 does not bar breach of fiduciary duty claims against insurance brokers. *See id.* Neither of those cases, however, even mentions section 2-2201, let alone analyzes its impact on such claims. *See Conagra*, 64 F. Supp. 2d at 771-72; *Cincinnati Ins.*, 719 N.E.2d at 791. Because the cases cited by *Harris* do not even allude to section 2-2201, let alone hold that it permits insurance brokers to be sued for breach of fiduciary duty, the Court declines to follow *Harris*.

In short, plaintiffs allege that they hired defendant to obtain insurance for them and relied on its advice about the kind of policies and coverages would suit their needs. (Compl. ¶¶ 8-10.) Thus, according to *Country Mutual*, defendant is an insurance producer and cannot, under the facts alleged here, be sued for breach of fiduciary duty.[1]

---

[1] Indeed, the State of Illinois has licensed defendant as an insurance producer for at least the last seven years, *see* Def.'s Reply, Group Ex. B, a matter of public record that can be judicially noticed by the Court. *See Massachusetts v. Westcott*, 431 U.S. 322, 323 n.2 (1977) (per curiam) ("The fact that respondent holds . . . a license [to fish in state waters] has been

4

## Conclusion

For the reasons set forth above, defendant's Rule 12(b)(6) motion to dismiss Count II [doc. no. 17] is granted.

**SO ORDERED.**  **ENTERED:** 7/31/07

RONALD A. GUZMAN
United States District Judge

---

ascertained from the records of the Merchant Vessel Documentation Division of the Coast Guard. These records may be judicially noticed.").